SEXTON v. HENDERSON ET AL.

1. **Tax Sale:** PAYMENT OF TAXES BY PURCHASER: RECOVERY FOR. Where the holder of a tax title adjudged to be invalid has paid taxes upon the land, while the patent owner remained in possession, he is entitled to recover therefor, and the measure of his recovery is the amount which the owner would have been compelled to pay the treasurer if the taxes remained unpaid.

*Appeal from Warren Circuit Court.*

TUESDAY, DECEMBER 12.

ACTION in equity to recover for certain taxes, with penalty and interest, paid by plaintiff on land in Warren county while he held a tax deed to the land.

The patent title was held by one John M. Laverty, the defendant's testate. After the recording of the tax deed, Laverty held possession of the land for more than five years, and having died his executors obtained a decree canceling the deed. The plaintiff then brought this action to recover for taxes paid with penalty and interest. The Circuit Court dismissed his petition, and he now appeals.

*Bryan, Maxwell & Seevers*, for appellant.

*Henderson & Berry*, for appellee.

ADAMS, J. — It is claimed by the defendants that if the plaintiff paid the taxes upon the land as he alleges, and under such circumstances as he alleges, he did but pay his own taxes, and that he cannot now recover the same of them. It is doubtless true that the right of a holder of a tax deed to recover for taxes paid where the tax deed is held to be invalid is based upon the theory that he had discharged an obligation of the owner of the land, and it being an obligation which the law invited him to discharge by purchasing at the tax sale, the owner of the land should reimburse him. If a person pays his own taxes and afterwards loses by adverse possession the land upon which they were assessed, he must lose the taxes also. But the case at bar involves an entirely different principle. The land upon which the taxes were paid must be regarded as having belonged all the time to the defendants' testate. He was the holder of the patent title, and remained in possession. There is no pretense that he was divested of his title unless he might have been by the tax deed; and there is no evidence and cannot be any evidence that he was divested by that. That the validity of the tax deed could never be asserted is precisely what was adjudicated, and the adjudication is not now questioned by either party.

It may be said, indeed, that the plaintiff avers in his petition that the tax deed and sale were regular and perfect in every particular. Whether they were or not is a question into which we cannot now inquire except so far as may be

necessary to justify us in finding that the taxes were paid in pursuance of a sale. The averment must be taken in connection with another averment in the petition that in the suit brought by these defendants against the plaintiff setting up that Laverty held possession of the premises for more than five years after the tax deed was recorded the court decreed that the deed should be canceled and the title quieted in these defendants. The petition, taken altogether, shows that the validity of the tax title can never be inquired into by any court. The court so held in the said action brought by these defendants, and upon that holding based its decree. As it has never been successfully asserted, and never can be, we must hold that there is no evidence which we can recognize that Laverty's title was ever divested. That the plaintiff bid at the tax sale, paid the tax in pursuance of it, acquired a tax deed and paid taxes as the holder thereof, is proven; and that is as far as we can inquire. The deed having now been canceled, and the title quieted in these defendants, we think the plaintiff is entitled to be reimbursed for taxes paid.

It is claimed by the appellees that this question of the right to recover for taxes paid was adjudicated in the former suit. But the decree does not so show.

It is also claimed that the plaintiff's cause of action, if any, is barred by the statute of limitations. But the statute is not pleaded.

The only remaining question is as to the amount which the plaintiff is entitled to recover. In *Everett v. Beebe*, 37 Iowa, 452, it was held that while the tax deed did not pass the title of the owner of the land, it did have the effect to pass "all the right, title, interest and claim of the State and county." We see no reason why the tax deed should not have that effect in this case.

In the case above cited it was held that the amount which the owner should pay the purchaser is the amount which would have been due the treasurer if the taxes had not been paid by the purchaser. That we believe to be the correct rule in this case. It may be said, indeed, that such rule imposes

a hardship upon the owner of the land, because while there was an outstanding tax title he could not pay the taxes. But these defendants obtained a decree against the plaintiff, canceling the tax deed on the ground that the tax title had never been asserted, and that, after the lapse of such time as had elapsed, the validity of the tax deed could not be inquired into. The defendants cannot, therefore, say that they were precluded from paying the taxes on account of the tax title held by plaintiff. To justify us in so holding it would be necessary for us to find that the tax title was valid. But the defendants have taken the ground, and have been sustained in it, that no court can so find.

For the purposes, then, of this case, we must presume, whether true or not, that Laverty remained the owner of the land and could have paid the taxes, but neglected to do so. If any hardship results to the defendants, it is incident to the way in which they have seen fit to assert their rights.

We are of the opinion that they should pay the plaintiff what would have been due the treasurer if the taxes had been paid by no one. The tax of 1869 was paid by Laverty. For that the plaintiff cannot recover.

REVERSED.