## TABLER v. CALLANAN.

1. **Pleading:** STATUTE OF LIMITATIONS. A plea of the statute of limitations in an action to quiet title does not admit the validity of the title of the other party to the action.

2. **Tax Sale:** ACTION BY PATENT OWNER: TITLE. The owner in possession of real estate may maintain an action to quiet his title against the adverse claim of the owner of a tax title barred by the statute of limitations.

*Appeal from Clarke District Court.*

THURSDAY, OCTOBER 24.

ACTION to quiet title to certain lands. There was a decree granting the relief prayed for by plaintiff. Defendant appeals.

*Barcroft, Given & Drabelle*, for appellant.

*Likes & Smith*, for appellee.

BECK, J.—I. The petition alleges that plaintiff is the absolute owner in fee simple of the land in controversy, and that defendant makes some claim thereto "adverse to the estate of the plaintiff in the premises." The answer of defendant alleges that he holds the fee simple title to the land under a tax deed executed March 16, 1869, upon a sale for the delinquent taxes from 1858 to 1863. Plaintiff, replying to this answer, admits the tax sale and deed to defendant, but alleges that the deed has been recorded for more than five years; that he has been continuously in possession of the property for a period anterior to the date of the tax deed up to the present time, and that defendant's right to the land under his tax deed is barred by the statute of limitations. The court below

Tabler v. Callanan.

found that plaintiff had been in possession of the land since the 10th of June, 1859. The correctness of the finding cannot be questioned, as the abstract before us does not purport to give all the testimony upon which the cause was submitted to the court below.

Counsel for defendant insist that the plaintiff is not entitled to the relief granted by the decree, for the reason that in this action, which is based upon his own title to the land, the plaintiff cannot recover upon the ground that defendant's right under the tax deed is barred by the statute of limitations. They maintain that the statute does not affect the title of defendant, but operates upon the remedy. It is insisted that plaintiff, by his pleadings, admits defendant's title. He cannot, therefore, ask that his own title be quieted on the ground that defendant is barred of a remedy by the statute of limitations. While defendant may not maintain an action for the land, the statute affords no grounds for a decree quieting the title of plaintiff. The argument of counsel is based upon a misconception of the pleadings. Plaintiff does not admit that defendant holds *the* title to the land. He admits the execution of the tax deed. He claims that *he* holds the fee simple title. The pleadings present the case of conflicting titles, and plaintiff's reply shows that defendant's right of action upon his title is barred. We do not understand that, in a case of conflicting titles, one party pleading the statute of limitations to the action admits the validity of the title of the other. No reason can be given to support such a position.

1. PLEADING: statute of limitations.

II. The plaintiff holds the patent title, the defendant the tax title. The plaintiff asks that his title be quieted against the claim and title of defendant. It is shown that plaintiff is in possession, holding the land adversely to defendant's title, which cannot be enforced for the reason that the remedy is barred by the statute of limitations. Plaintiff shows that he is entitled to hold the land. The action is to settle the rights of the parties to the land in

2. TAX sale: action by patent owner: title.

controversy. The decree, therefore, correctly declared plaintiff's right to be paramount, and quieted his title against the adverse claim of defendant.

We have heretofore held that in cases of this character, where an action to recover under a tax deed is barred by the statute, a decree may be properly rendered quieting the title in the original owner as against the tax deed. *Peck v. Sexton & Son,* 41 Iowa, 566; *Laverty v. Sexton & Son,* Id., 435; *Wallace v. Sexton & Son,* 44 Iowa, 257. We discover no valid objection to the rule of these cases.

III. The defendant insists that he is entitled to recover the sums paid by him in the purchase at the tax sale, and for subsequent taxes, with penalties, interest, etc., under the doctrine that plaintiff cannot have equity until he does equity. There is force in defendant's claim, but the trouble with it is that it was not made in the pleadings, nor in any other manner, in the court below. It does not appear that defendant raised any question in the court below involving his rights to recover the money paid by him. While his right to recover in a proper case cannot be doubted, it cannot, in the absence of pleadings presenting it, be first urged in this court. He may enforce this right by another action. See *Sexton v. Henderson,* 45 Iowa, 160; *Sexton v. Peck,* 48 Id., 250.

AFFIRMED.