James E. Jones, plaintiff in error, v. Cenek Duras, defendant in error.

1. **Practice:** ACTION AT LAW. As a general rule, no one can be subjected to a suit and judgment at law unless he, or one whose legal representative he is, has done some unlawful act, either of commission or omission, or failed in the discharge of some duty.

2. **Taxes:** TAX SALE: PAYMENT OF TAXES UNDER PROTEST. Plaintiff failed to pay the taxes on his lands for the years 1875-6-7. The lands were sold for the taxes of 1875, the purchaser at tax sale paid the taxes of 1876-7 as allowed by statute. Plaintiff, during the whole time was the owner of sufficient personal property within the county, known to the county treasurer, out of which the taxes could have been made. Shortly before the expiration of two years from the date of sale, plaintiff tendered to the then county treasurer the amount of the taxes, with interest thereon at the rate of twelve per cent per annum, which was refused. He then paid the taxes, with interest at the rate of forty per cent per annum, under protest, and brought this action for the excess of interest over twelve per cent. In the district court a demurrer to a petition setting out the above cause of action was sustained and on error judgment affirmed.

3. ————: NOTICE TO OCCUPANT. The petition failed to state that the statutory notice required by section 3, of article IX of the constitution, had been served on the occupant of the lands. *Held*, that redemption without such notice was voluntary.

Error to the district court for Saline county. Tried below before Weaver, J.

*M. B. C. True*, for plaintiff in error.

1. Action at law is proper remedy. *Turner v. Althaus*, 6 Neb., 54. *Erskine v. Van Arnsdale*, 15 Wallace, 75. *Stephan v. Daniels*, 27 Ohio State, 527.

2. Sale was illegal and void. *Johnson v. Hahn*, 4 Neb., 189. *Lynam v. Anderson*, 9 Id., 368.

3. The payment of a demand under compulsion of le-

gal process, accompanied by a protest, is not a voluntary payment. *Atwell v. Zeluff*, 26 Michigan, 118. Cooley on Taxation, pp. 568–9. *Parcher v. Marathon Co.*, 9 N. W. Reporter, 1, 23. *Stephan v. Daniels*, 27 Ohio State, 527. *State, ex rel. Myers, v. Richardson Co.*, 11 Neb., 403. *Findlay v. Adams*, 2 Day (Conn.), 369.

*W. G. Hastings*, for defendant in error.

Defendant is not concerned with any illegalities in prior proceedings of the former treasurer. Cooley on Taxation, pp. 559 and 560. Cooley on Torts, p. 459. *McGuinty v. Herrick*, 5 Wend., 240. *Leroy v. East Saginaw Ry.*, 18 Mich., 233. *McLean v. Cook*, 23 Wis., 364.

COBB, J.

This action is brought against Mr. Duras, county treasurer of Saline county, in his individual capacity. The petition charges that plaintiff was the owner of certain parcels of real estate in said county, which were assessed for taxes in 1875; and the said taxes not being paid, the then treasurer of said county sold the said parcels of land therefor. That at and during the said time the plaintiff owned and had within the said county, and known to the then treasurer of said county, a large amount of personal property, amply sufficient out of which the said taxes could have been made by distress and sale thereof. That in the years 1876 and 1877, the said lands remaining unredeemed from such sale, the purchaser thereof paid the subsequent taxes on said lands for the said last named years. That on the 13th day of December, 1878, the defendant having become treasurer of said county, was about to execute deeds to such purchaser to said lands, upon the said sales for taxes. That thereupon the plaintiff tendered to the said defendant a sum of money equal to the several amounts paid by the purchaser of said parcels of land, as well at the

purchase thereof as for the said subsequent taxes, together with interest on the said several sums from the several dates of the payment thereof at the rate of twelve per cent per annum, that the said defendant refused to take the same in full redemption of said lands from taxes, and that plaintiff, in order to prevent the deeding of said lands for said taxes, was compelled to pay, and did pay under protest, the amount of said several sums paid by the said purchaser at the said sale for taxes of 1875, as well as for the taxes of 1876 and 1877 and interest thereon, at the rate of forty per cent per annum on the said several sums. And plaintiff's claim for which this suit was brought is for the interest paid by him in excess of twelve per cent. The district court sustained a general demurrer to the plaintiff's petition, and he brings the cause to this court on error.

We think that it may be stated as a general proposition of law, that no one can be subject d to a suit and judgment at law, unless he, or one whose legal representative he is, has done some unlawful act, either of commission or omission, or failed in the discharge of some duty. Applying this rule to the case at bar, we fail to see wherein the defendant has violated any law or failed in the discharge of any duty. Let it be conceded that his predecessor in office wrongfully sold the plaintiff's lands and gave the purchaser a certificate therefor. The only connection which the defendant appears ever to have had with the matter was to refuse the offer of the plaintiff to redeem said lands by the payment of the original taxes and interest thereon, at the rate of twelve per cent per annum only. Was it the duty of the defendant to accept such tender? The law then in force, sec. 64, p. 922 of the General Statutes, provided for such redemption only upon the payment of such taxes and interest thereon at the rate of forty per cent. But it is insisted that the sale was void by reason of the former county treasurer having made the same without having first exhausted the personal property of the plaintiff. In reply

to this it must be said that the defendant is in no degree responsible for the acts of his predecessor in office. The law had invested him with no power to enquire into the facts upon which the record of said sale was made, nor to alter or revise it in any event. His duties were purely ministerial and the law pointed them out very clearly. To " enter a memorandum of the redemption in the list of sales, and give a receipt therefor to the person redeeming the same, for which he may charge a fee of fifty cents, and shall hold the redemption money paid subject to the order of the purchaser, " etc. Thus the law pointed out the duties of the county treasurer upon redemption being made. In this case there was no redemption made, nor offer to make one which the defendant could consider, until the final one which was accepted by him.

Counsel for plaintiff cites the case of *Andrew Stephan, Treasurer of Lucas Co., v. Daniels et al.*, 27 Ohio State, 527. In that case it seems that Daniels was the owner of certain property in the city of Toledo which was assessed, to improve Maumee avenue in said city, in the sum of $461.33, which was duly certified under the statute to the county auditor, and by him placed on the duplicate for collection by the treasurer, as other taxes are collected. By reason that no resolution was passed and published by the city council declaring the necessity for such improvement, the assessment was illegal and void. Before December 20, 1868, plaintiff, who it seems had other taxes past due and coming due on that day as well as one-half of this assessment, tendered to the treasurer his other taxes, which the defendant declined to receive, unless the amount due on the assessment was also paid. This being declined by the plaintiff the property was returned delinquent for both taxes and assessment, and the real estate advertised to be sold, January 19, 1869, at delinquent tax sale to pay the same. On the 13th of January the plaintiff, in order to release the land and prevent its being sold at such sale,

and to save the penalties incident to such sale, paid the taxes and said illegal assessment then due, under protest, and brought suit against the treasurer for the money paid on the illegal assessment. The judgment of the lower court, which was for the plaintiff, was sustained by the supreme court. But in their opinion the court say that before the passage of a certain act of the legislature (April 29, 1854) "there was no action against the *treasurer* unless the *law* was invalid, or he acted without color of law."

But the case at bar differs from the Ohio case in its most essential features. There the treasurer held a legal tax and an illegal assessment against the same property, which he was about to sell for the two sums. The owner of the property tendered the amount of taxes, but claimed that the assessment was void for the want of certain precedent steps to its levy, required by law to be taken and which had not been taken. The treasurer says—no, unless you pay both sums, the land will be sold. Thereupon the tax-payer, protesting, paid the two sums and sued the same treasurer for the amount of the illegal assessment. It is reasonable to suppose that the treasurer thus having notice that the legality of the assessment was denied would retain the money for his own security, until the question should be decided. In the case of *Meek v. McClure*, 49 Cal., 628, cited by the Ohio court in its opinion, the court say: "It is said the object of a notice of such suit, or of payment under protest, is that the officer may protect himself. If on inquiry he finds the demand illegal, he may decline to proceed, cr if he collects, he may withhold the money from payment over until the question is settled."

In the case at bar the defendant was, by virtue of his official position, the trustee of the purchaser of the property at tax sale. It was his duty to receive the redemption money, with the interest, if tendered to him, whether with or without protest, and the moment that he received it, it was the right of the holder of the certificate to demand it,

and if not paid over to sue the treasurer and his securities therefor. In all the numerous cases cited by the court in the Ohio case there is none, nor have we been able to find one, which holds that the payment of money in the redemption of lands sold for taxes constitutes compulsory payment, and we would hesitate to hold that it does. In many cases which hold that payment to an officer holding a tax warrant and threatening to seize chattels is compulsory payment, much stress is laid upon the fact that the party has had no day in court. In the case at bar the plaintiff had two years in which to seek redress in court after the public sale of his lands, and longer than that from the time when it was his duty to pay his taxes.

There is another and material point in respect to which the plaintiff's petition fails to state a cause of action. The proviso to section 3 of article IX of the constitution is: "That occupants shall in all cases be served with personal notice before the time of redemption expires." The petition fails to state that any notice had been personally served on the occupant of said lands. So that, although all the steps stated in the petition had been taken by the defendants, unless the holder of the certificates of purchase of the lands at tax sale had served this constitutional notice, the plaintiff was not in danger of losing his lands, and the payment of the redemption money and interest must be held to have been voluntary. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.