CLAUS THOMSEN, APPELLEE, v. J. B. DICKEY, APPELLANT.

FILED OCTOBER 16, 1894. No. 5626.

1. **Taxation:** VALIDITY OF TAX DEEDS: TREASURER'S SEAL: NOTICE TO REDEEM: SERVICE OF NOTICE: STATUTES: CONSTRUCTION. Section 3, article 9, of the constitution of 1875, and section 123, chapter 77, Compiled Statutes, 1893 (Revenue Act, 1879), construed, and *held*, (1) that said statute was enacted for the benefit of the owners of real estate which had been previously sold for taxes, the time to redeem from which sale was about to expire; (2) that the intention of the framers of the constitution, and the intention of the legislature as well, was to provide for the giving of such " notice to redeem " as, in the judgment of the legislature, would be most likely to reach the then owner of real estate which had been sold for taxes, advise him when his right to redeem would expire, and thus afford him an opportunity to prevent the divestiture of his title; (3) both the framers of the constitution and the legislature realized that it is often difficult and sometimes impossible to determine who the owner of a certain piece of real estate at a given time is, and for that reason the word " owner " is not used in the statute; (4) it is not for the court to say whether the legislature, in prescribing the character of the notice to redeem, how, when, and upon whom it shall be served, has prescribed that rule which is best calculated to give to the then owner of real estate the notice contemplated by the constitution and the law; (5) the only question with which the court is concerned is, on whom

Thomsen v. Dickey.

does the law require the notice to redeem to be served? (6) the presumption of law is that one in whose name real estate stands assessed at any given time is the owner thereof; (7) said section 123 must be construed as if it read: Such purchaser or assignee shall serve, or cause to be served, a written or printed, or partly written and partly printed, notice of such purchase on every person in actual possession or occupancy of such land or lot; and also the person in whose name the same is taxed, or specially assessed, as then appears from the assessment thereof from the tax books then in the office of the county treasurer, if upon diligent inquiry he can be found in the county, at least three months before the expiration of the time of redemption from such sale, in which notice he shall state when he purchased the land or lot, in whose name taxed at the time he purchased, and therefore a notice to redeem must be served on the person in whose name the real estate stands assessed at the time of serving the notice to redeem, as then appears from the last assessment thereof from the tax books then in the county treasurer's office; (8) if the notice to redeem is served between April 1 and October 1 of any year, and if the tax books for such year have then been delivered to the county treasurer, the notice to redeem should be served on the person in whose name the real estate is assessed in such books; (9) if the notice to redeem is served between April 1 and October 1 of any year, and the tax books for such year have not then been delivered to the county treasurer, such notice to redeem must be served on the person in whose name the real estate was assessed at the preceding assessment, as shown by the tax books in the county treasurer's office at the time of serving the notice to redeem; (10) the notice to redeem, to be of any validity, must be served upon the very party designated by the statute, and must contain the precise information required by the statute; (11) the statements required by the statute to be embodied in the notice to redeem are as jurisdictional as the service of the notice itself; (12) the law has put on the holder of a tax sale certificate the duty of determining in whose name real estate already sold for taxes stands assessed at the time of serving a notice to redeem from such sale.

2. **Tax Sales:** DEEDS: CONSTITUTIONAL LAW. *Larson v. Dickey,* 39 Neb., 471, reaffirmed.

APPEAL from the district court of Douglas county. Heard below before IRVINE, J.

·  The facts are stated by the commissioner.

*Saunders & Macfarland,* for appellant, contending that the failure to serve notice to redeem upon Miles and Thomsen did not invalidate appellant's title, cited: *Kessey v. Connell,* 68 Ia., 430; *Parker v. Cochran,* 64 Ia., 757; *Burdick v. Connell,* 69 Ia., 458; *Clifton Heights Land Co. v. Randell,* 47 N. W. Rep. [Ia.], 905; *Hillyer v. Farneman,* 65 Ia., 227.

*Jacob Fawcett, F. M. Sturdevant,* and *J. P. Davis, contra,* cited: Cooley, Taxation [ed. 1883], p. 363; *Zahradnicek v. Selby,* 15 Neb., 582; *Lane v. Bommelmann,* 21 Ill., 147; *Dalton v. Lucas,* 63 Ill., 339; *Hendrix v. Boggs,* 15 Neb., 471; *Wilson v. McKenna,* 52 Ill., 48; *Morrill v. Taylor,* 6 Neb., 242; *Seaman v. Thompson,* 16 Neb., 547; *Lammers v. Comstock,* 20 Neb., 344.

RAGAN, C.

In 1885, lot 16, in block 17, Walnut Hill Addition to the city of Omaha, was owned by and assessed for taxation in the name of S. D. Mercer. On November 4, 1886, this lot was sold at public sale by the county treasurer of Douglas county for the delinquent taxes of 1885, to one Louis Dickey, and a treasurer's certificate of tax sale duly issued to him. The lot was assessed for taxation in the years 1887 and 1888, in the name of John L. Miles. On the 29th day of June, 1888, one J. B. Dickey, having become the owner, by assignment, of the treasurer's certificate of tax sale issued to Louis Dickey, served on S. D. Mercer a notice of when the time to redeem said lot from the tax sale made November 4, 1886, or a notice to redeem, would expire. No notice to redeem was served upon John L. Miles. November 21, 1888, the county treasurer of Douglas county issued and delivered to J. B. Dickey a tax deed for said lot, in pursuance of the sale made thereof on the 4th day of November, 1886. Claus Thomsen, having become owner of the lot by *mesne* conveyances from S·.

D. Mercer, brought this suit in the district court of Douglas county against J. B. Dickey to cancel said tax deed. The district court found and decreed that the tax deed was void, and permitted Thomsen to redeem the lot. From this decree Dickey appeals. We notice only two questions involved in the decree appealed from.

1. One question presented by this appeal is whether the notice to redeem was served on the proper party. The precise question is, Must a notice to redeem be served upon the party in whose name the real estate is assessed at the time of giving the notice to redeem, or must it be served upon the party in whose name the real estate was assessed for the taxes for which it was sold? Section 3, article 9, of the constitution of 1875 provides: "The right of redemption from all sales of real estate, for the non-payment of taxes or special assessments of any character whatever, shall exist in favor of owners and persons interested in such real estate for a period of not less than two years from such sales thereof; *Provided*, That occupants shall in all cases be served with personal notice before the time of redemption expires." And section 123, chapter 77, Compiled Statutes, 1893 (Revenue Law, 1879), provides: "Hereafter no purchaser or assignee of such purchaser of any land, town, or city lot, at any sale of lands or lots for taxes or special assessments due, either to the state or any county or any incorporated town or city within the same, or at any sale for taxes or levies authorized by the laws of this state, shall be entitled to a deed for the lands or lots so purchased, until the following conditions have been complied with, to-wit: Such purchaser or assignee shall serve, or cause to be served, a written or printed, or partly written and partly printed, notice of such purchase on every person in actual possession or occupancy of such land or lot, and also the person in whose name the same was taxed or specially assessed, if upon diligent inquiry he can be found in the county, at least three months

before the expiration of the time of redemption on [from] such sale, in which notice he shall state when he purchased the land or lot, in whose name taxed, the description of the land or lot he has purchased, for what year taxed or specially assessed, and when the time of redemption will expire. If no person is in actual possession or occupancy of such land or lot, and the person in whose name the same was taxed or specially assessed, upon diligent inquiry, cannot be found in the county, then such person or his assignee shall publish such notice in some newspaper printed in such county, and if no newspaper is printed in the county, then in the nearest newspaper that is published in this state to the county seat of the county in which such land or lot is situated, which notice shall be inserted three times, the first time not more than five months, and the last time not less than three months before the time of redemption shall expire." Here then is a constitutional guaranty of the right of an owner of real estate to redeem the same from a sale made thereof for delinquent taxes at any time within two years from the date of such sale; and the command that a personal notice shall be served upon the occupant of such real estate before the time for the redemption of the same from the tax sale shall expire. Reading this constitutional provision and the statute just quoted together, there can be no doubt that this notice to redeem is for the benefit of the then owner of the real estate; that the intention of the framers of the constitution and the intention of the legislature as well was to provide for the giving of such notice to redeem as, in the judgment of the legislature, would be most likely to reach the then owner, advise him when his right to redeem would expire, and thus afford him an opportunity to prevent the divestiture of his title. It is to be observed that neither the constitution nor the statute requires the notice to redeem to be served upon the owner of the real estate. Doubtless both the framers of the constitution and the

legislature realized that it would often be difficult and sometimes impossible to determine who the owner of a certain piece of real estate at a given time is, and it is for this reason that the word "owner" is not used in the statute. It must also be remembered that it is not for the court to say whether the legislature, in prescribing the character of the notice to redeem, how, when, and upon whom it shall be served, has prescribed that rule which is best calculated to give to the then owner of real estate the notice contemplated by the constitution and the law.

The only question with which the court is concerned is on whom does the law require the notice to redeem to be served? This section 123 is a literal copy of section 216 of the Illinois Revised Statutes of 1877. We have been unable to find whether the question here has been decided by the Illinois courts. We have been unable to find any other statute in the precise language of ours.

In *Hall v. Guthridge,* 52 Ia., 408, it was held that the provision for service of a notice to redeem upon the person in whose name the land is taxed has reference to the person in whose name it is taxed at the time of the service of the notice and not at the time of the sale; but this was a construction of section 894 of the Iowa Code, and that provision required the holder of a tax sale certificate to serve the notice to redeem upon the person in whose name the land is taxed, whereas the provision in our statute is that the notice to redeem must be served upon the person in whose name the land was taxed. The holding of the Iowa court, then, does not help us.

Keeping in view the objects of the constitutional and legislative enactments quoted above, and that the presumption of law is that one in whose name real estate stands assessed at any given time is the owner thereof, we think that said section must be construed as if it read: Such purchaser or assignee shall serve, or cause to be served, a written or printed, or partly written and partly printed,

notice of such purchase on every person in actual possession
or occupancy of such land or lot, and also the person in
whose name the same is taxed or specially assessed, as then
appears from the last assessment thereof from the tax books
then in the office of the county treasurer, if upon diligent
inquiry he can be found in the county, at least three months
before the expiration of the time of redemption from such
sale, in which notice he shall state when he purchased the
land or lot, in whose name taxed at the date he purchased.
We reach the conclusion, therefore, that a notice to re-
deem must be served on the person in whose name the
real estate stands assessed at the time of serving the no-
tice to redeem as then appears from the last assessment
thereof from the tax books then in the county treasurer's
office.

It is argued that this construction places on the holder
of a tax sale certificate the burden and duty of determin-
ing at his peril when he serves the notice to redeem in
whose name the real estate then stands assessed for taxa-
tion; that this fact can never be certainly ascertained be-
tween April 1 and October 1 of any year, as the tax books
for that year are between said dates in the hands of the as-
sessor or county clerk, who have authority, and whose duty
it is, to change an assessment of real estate made to one
person to another on learning that such other person has
become the owner thereof; that a piece of real estate might
stand assessed on the 1st day of April to A, and on the last
day of September the county clerk might change the assess-
ment to B; therefore it is unreasonable to suppose the leg-
islature intended to require the holder of a tax sale certifi-
cate to assume the burden of determining in whose name a
certain piece of real estate is assessed between April 1 and
October 1 of any year, and, therefore, the law, to avoid un-
certainty and mistakes, has designated the person in whose
name the real estate was assessed for the taxes for which it
was sold as the person on whom the notice to redeem

shall be served; thus making the duty of the holder of a tax sale certificate a plain and certain one. The force of this argument, however, is overthrown by an examination of the requirements of the statute as to what the notice to redeem served shall contain. It reads: "In which notice he shall state when he purchased the land or lot, in whose name taxed." The notice to redeem, to be of any validity, must be served upon the very party designated by the statute, and such notice must also contain the precise information required by the statute. In other words, the statements required by the statute to be contained in the notice are as jurisdictional as the service of the notice itself. Now, if the statute has to be so construed as to compel the holder of a tax sale certificate to serve the notice to redeem on the person in whose name the real estate was assessed for the taxes for which it was sold, then clearly the notice to redeem must state in whose name the real estate is taxed or assessed at the time of the service of such notice to redeem. It would be absurd to say that the legislature intended the holder of a tax sale certificate to serve the notice to redeem on the person in whose name the real estate was assessed for the taxes for which sold, and in such notice give him the information that the real estate was assessed in his name for the taxes for which sold. So that, in either construction of the statute, the law has put on the holder of a tax sale certificate the duty to determine in whose name real estate already sold for taxes stands assessed at the time of serving a notice to redeem. But this duty is not a burdensome one; nor need there be the least uncertainty about it. Within the meaning of said section 123, real estate is assessed for any year as appears from the tax books of such year delivered by the county clerk to the county treasurer on or before October 1. The notice to redeem should be served on the person in whose name the real estate stands assessed for taxes

the year the notice to redeem is served, as shown by the tax books then in the county treasurer's office. If this notice is served between April 1 and October 1 of any year, and if the tax books for such year have been delivered to the county treasurer, then on the person in whose name the real estate is assessed in such books. If the notice is served between April 1 and October 1 of any year and before the tax books have been delivered to the county treasurer, then the notice must be served on the person in whose name was assessed the real estate at the preceding assessment, as shown by the tax books in the county treasurer's office at the time of the service of the notice. The notice to redeem having been served on Mercer, the person in whose name the lot was assessed for the taxes for which sold, and not on Miles, the person in whose name the lot stood assessed at the time of serving the notice to redeem, as then appeared from the last assessment of such real estate from the tax books in the county treasurer's office at the time of serving said notice, the tax deed issued in pursuance of such notice to redeem was void.

2. We do not know from the record what were the views of the learned judge of the district court on the question already discussed. His decree was nevertheless correct. The tax deed in question was executed by the county treasurer of Douglas county in conformity with the requirements of section 127, chapter 77, Compiled Statutes, 1893 (Revenue Law of 1879). This section makes it the duty of the county treasurer to execute tax deeds under the official seal of his office. The deed in question bears the seal of the county treasurer of Douglas county; but in *Larson v. Dickey*, 39 Neb., 463, it was held that there was no such thing as a county treasurer's official seal provided for or recognized by our statutes, and until the legislature should provide an official seal for county treasurers, they could not execute tax deeds of any validity under the present revenue law. The tax deed in controversy was, therefore, void

for that reason.    The decree of the district court was right
and is

AFFIRMED.

IRVINE, C., not sitting.