CHARLES H. WHITE, APPELLANT, v. MICHAEL P. MUSSER, APPELLEE.

FILED OCTOBER 22, 1910. No. 16,144.

1. **Ejectment: DEFENSE OF ADVERSE POSSESSION: EVIDENCE.** In an action in ejectment, defendant claimed under adverse possession for more than 10 years. The evidence is examined and found to sustain the verdict of the jury and judgment thereon in favor of defendant.

2. **Adverse Possession: VOID TAX DEED: COLOR OF TITLE.** "A tax deed purporting on its face to convey title to land, although void for failure to comply with the statute, affords color of title under the general statute of limitations." *Lantry v. Parker*, 37 Neb. 353.

APPEAL from the district court for Sheridan county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Lee Card* and *Allen G. Fisher,* for appellant.

*Cornelius Patterson, contra.*

REESE, C. J.

This is an action in ejectment instituted in the district court for Sheridan county. The contest is over the possession of lots 1 and 2 and the south half of the northeast quarter of section 1, township 32 north, range 45, in said county. It is alleged that defendant has had the possession and enjoyment of said property and the rents and profits thereof since the 1st of January, 1900, of the value of $2,500, for which, with the possession of the land, judgment is demanded. The answer of the defendant contains three subdivisions or counts: First, a general denial; second, a plea of the statute of limitations averring possion under a tax deed for more than 10 years prior to the commencement of the action; third, a plea of the statute of limitations as to the claim for rents and profits from January 1, 1900, to the year 1904. The reply contains a general denial of the averments of the answer, as well as of specific denials of the facts stated in each cause of defense. The case was tried to a jury, which returned a verdict in favor of defendant and upon which judgment was entered. Plaintiff appeals.

It is shown by the record that the land in dispute was patented to Ella Purdy on the 26th day of June, 1891, and by her conveyed to plaintiff on the 19th day of July, 1907. So far as we are enabled to discover from the evidence contained in the bill of exceptions, little, if any, attention was paid to the land by the patentee after the issuance of the patent, except that about that time, or within a short time thereafter, she leased it for one season to a neighbor who cut and removed hay from a portion of it. The taxes for the years 1893, 1894 and 1895 having been unpaid and becoming delinquent, the defendant and his associates in business purchased the property at tax sale, and it is

alleged and sufficiently proved that a county treasurer's tax deed was issued to defendant, or to him and his associates in business, and that he assumed to take possession and control of the property from that time on to the time of the commencement of this suit. The deed from the county treasurer was invalid for the alleged reason that there was no county treasurer's seal attached, and, by the early decisions in this state, this is true. *Sutton v. Stone,* 4 Neb. 319. However, such a deed, when held by one in possession claiming as owner, creates color of title and extends the possession so as to include the whole tract described therein if the claim of ownership is so extended. 1 Cyc. 1082 *et seq.,* and cases there cited; *Lantry v. Parker,* 37 Neb. 353. Defendant and his grantors have paid the taxes since the issuance of the void tax deed, and neither plaintiff nor his grantor have paid any thereof. The property is largely pasture or grazing land, and under the rule stated in *Lantry v. Parker, supra,* the possession shown by defendant must be held sufficient to protect him. It is true that other people's stock was not at all times excluded, but the hay was cut by defendant, or his lessees, when of sufficient quantity, and a partial inclosure was maintained a portion of the time. A publicly traveled road is shown to have crossed the land, and it may be that a legal public highway was established by user, but this could not militate against defendant's possession of the remainder. However, it is also shown that, for a portion of the time, at least, gates were maintained by defendant on the line of the road at the point of entrance upon the land. The evidence is not as satisfactory as could be desired and is in some respects conflicting, but the issues were fairly submitted to the jury, and their verdict cannot be molested.

The judgment of the district court is therefore

AFFIRMED.