LARDNER HOWELL, APPELLEE, v. CORNELIUS JORDAN, APPELLANT.

FILED SEPTEMBER 26, 1913.    No. 17,336.

1. **Tax Sale:** VALIDITY: NOTICE OF REDEMPTION. Notice of the expiration of the time for redemption of real estate from tax sale must be served on the person in whose name the land was assessed; and there must be personal service of the notice, or a showing that such service cannot be had, in which case service

may be made by publication. A failure to serve such notice, or show the necessity for service by publication, renders the subsequent proceedings void.

2. ———: REDEMPTION: TENDER. Tender by the owner to the county treasurer of the payment of an amount sufficient to redeem the land from tax sale, such tender being refused, is a sufficient compliance with the statute providing for payment of all taxes due to enable the owner to maintain an action for redemption of his land from tax sale.

APPEAL from the district court for Sioux county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Michael J. O'Connell, Allen G. Fisher* and *William P. Rooney,* for appellant.

*Albert W. Crites, contra.*

BARNES, J.

Action to redeem a quarter section of land situated in Sioux county, Nebraska, from a sale for taxes, and to quiet the title of the plaintiff thereto. A trial in the district court resulted in a judgment for the plaintiff, and the defendant has appealed.

The record discloses that on the 2d day of November, 1902, the entire quarter section of land in question was sold to one Grant Guthrie for the delinquent taxes of 1901, amounting to the sum of $3.93; that notice of the time of expiration for redemption was published in the Harrison Sun, a newspaper published and in general circulation in Sioux county, commencing on the 15th day of July, and ending on the 29th day of that month, in the year 1904; that on the 14th day of November of that year a treasurer's tax deed was issued to the said Grant Guthrie, who thereupon conveyed the land by quitclaim deed to the defendant, Cornelius Jordan, who claimed to be the owner thereof under the quitclaim deed above mentioned.

It appears that the published notice was the only notice given of the expiration of the time for redemption; that the land was taxed in the name of William A. Pat-

zowsky, and the title was in one W. H. Carnahan, receiver of the McKinley-Lanning Loan & Trust Company, and his deed was recorded on the 3d day of June, 1903, in the deed records of Sioux county. The statute providing for notice of the expiration of the time for redemption was construed in *Thomsen v. Dickey,* 42 Neb. 314, and it was there held that the notice must be served upon the person in whose name the land was assessed. There is no showing that personal service of the expiration of the time for redemption could not be served upon Patzowsky, or some person in possession of the land. The record discloses that no notice other than by publication was served upon Patzowsky, and it is not shown that personal service could not have been made upon him. For this, and other reasons, it appears that the notice was defective, and conferred no authority on the treasurer to execute the tax deed in question.

Again, it appears that the entire 160 acres of land was sold for the paltry sum of $3.93, and it does not seem at all probable that no one would have purchased a less amount of the land for that sum. When it is sought to divest the owner of his land by a tax deed, it has always been held by this court that the provisions of the statute must be strictly complied with, for such provisions are mandatory. *State v. Gayhart,* 34 Neb. 192; *Jones v. Duras,* 14 Neb. 40; *Peck v. Garfield County,* 88 Neb. 635. It therefore follows that the tax deed was void.

It is contended that there was no showing on the part of the plaintiff that he had paid all of the taxes due upon the land, and therefore he was not entitled to a decree in his favor. It appears, however, that the plaintiff had tendered payment of all of the taxes due several times to the county treasurer, who had refused to accept such payment. The plaintiff could not do more, and therefore this contention cannot be sustained.

Finally, it appears that there was an accounting of the amount necessary to redeem, and the court found that sum to be $36.50. This sum of money the plaintiff was re-

quired to pay in order to redeem the land from the tax sale, and that amount was paid into court for the benefit of the defendant.

It follows that the judgment of the district court was right, and is

AFFIRMED.

REESE, C. J., LETTON and FAWCETT, JJ., not sitting.