RUDOLPH KUSKA ET AL., APPELLANTS, V. AMIL J. KUBAT, APPELLEE.

22 N. W. 2d 484

FILED APRIL 10, 1946. No. 32034.

*Krajicek & Zacek,* for appellants.

*Fitzgerald, Tesar & Welch,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

Plaintiffs in this case are the children and alleged heirs at law of Frank Kuska, who died on August 26, 1940. One of them is designated as administratrix of his estate. At

all times involved Frank Kuska was living. He was the record title owner and the owner in fact of two certain parcels of real estate in Omaha. The property was assessed in his name and city taxes thereon for the years 1932 to 1936, inclusive, and county taxes for the years 1932 to 1935, inclusive, were delinquent and unpaid. Defendant purchased the property at tax sale and was issued the county treasurer's certificates of tax sale therefor on November 10, 1936. There was no redemption, and after service of published notice that defendant would apply for a county treasurer's tax deed to the property, it was executed and delivered to defendant on January 18, 1939.

Plaintiff's action sought to have the treasurer's deed adjudged void, permitting redemption. They claimed that the deed was void because of alleged defects in the published notice of tax sale and defendant's published notices to redeem, together with defendant's failure to serve a notice to redeem upon a party alleged to have been in actual possession or occupancy of the property. The issues were perfected by appropriate pleadings and the cause proceeded to trial on July 11 and 25, 1945, respectively. At the conclusion of plaintiffs' evidence, defendant's motion to dismiss was sustained and the action was dismissed at plaintiffs' costs. They appealed to this court, assigning as error that the trial court's judgment of dismissal was contrary to law and not sustained by the evidence. We find that plaintiffs' contentions cannot be sustained.

In the situation thus presented decision depends entirely upon the application of well-established rules of law to undisputed facts. At the very outset, plaintiffs are confronted with the applicability of that part of section 77-1842, R. S. 1943, which provides in substance that deeds made by the county treasurer shall be presumptive evidence in all courts, in all suits relating to the rights of purchasers of land thereby conveyed, that the notice of redemption had been served or due publication made as required in sections 77-1831 to 77-1835 before the time for

redemption had expired, and that all things whatsoever required by law to make a good and valid sale and vest title in the purchaser were done.

As a matter of course that presumption is not conclusive and may be rebutted but the burden is upon plaintiff when an attack is made upon the validity of such a deed, as in the case at bar, to show by competent evidence some jurisdictional defect voiding the deed.

Bearing that in mind we have examined the record. It discloses that notice was duly published, as required by law, advertising the subject property for sale because of nonpayment of delinquent taxes for the respective years. One lot involved was described therein as: "VAN CAMPS ADD—Sub div of part s½ se¼ sec 34 twp 15 r 13. Old 13th st between blk 12 lot lot 1 Blk. 1." It will be noted that the word "lot" in the description immediately following the numeral "12" should have been *and*, which is the defect in the notice of tax sale of which plaintiffs complain. The certificate of tax sale, notice to redeem, and treasurer's deed did not contain the alleged descriptive defect. There is another lot involved but the description of it was not claimed to be defective in any manner.

Section 77-1803, R. S. 1943, provides: "In describing lands in such notice, and in all proceedings relative to assessing, advertising or selling the same for taxes, it shall be sufficient to designate the township, range, sections or part of section, and also the number of lots and blocks, by initial letters, abbreviations and figures."

Section 77-1854, R. S. 1943, provides in part: "Where the defect is in the description of property, such description must be sufficiently definite to enable the county treasurer or other officer, or any person interested, to determine what property is meant or intended by the description, and in such case a defective or indefinite description on the assessment or treasurer's book, or in any notice or advertisement may be made definite by the treasurer in the deed by which he may convey such property, if sold for taxes, by conveying by proper and definite de-

scription, the property so defectively or indefinitely described."

The latter section of the statute simply reflects the general applicable rule to the effect that a published notice of tax sale is proper and valid if the description of the property to be sold is sufficiently definite to enable interested persons to determine what property is meant or intended by the description. 51 Am. Jur., Taxation, § 1035, p. 904.

We conclude, therefore, that the description of the property in the published notice of tax sale was sufficiently certain to point out and identify the property involved and thereby afforded such notice to Frank Kuska as would protect him in all his rights. The alleged discrepancy could not be held to vitiate the subsequent proceedings and plaintiff's contention in that regard is without merit.

In conformity with the published notice, tax sale was held whereat defendant purchased the property and certificates of tax sale, No. 149 and No. 150 respectively, were delivered to him by the county treasurer on November 10, 1936. Thereafter, on September 21, 1938, defendant prepared and subsequently filed two affidavits, identical except as to descriptions of the two lots involved. They each recited that he had so purchased the property for the respective delinquent taxes and had received county treasurer's certificates of tax sale therefor and that Frank Kuska, if married, ............Kuska, his wife (first, real and true name unknown), and all other persons claiming any right, title, or interest in the property were nonresidents of the county and state, whose whereabouts and addresses were unknown and could not by diligent inquiry, extending over a period of three years, be discovered for personal service of notice that defendant intended to apply for a county treasurer's deed to the property. It is admitted that Frank Kuska was a nonresident of the state during his lifetime and that plaintiffs were at all times and now are nonresidents of the state.

Subsequently in conformity with section 77-1834, R. S.

1943, defendant caused to be published two separate notices that he would apply for a treasurer's deed. They were identical except as to descriptions of the two separate lots involved, and were each published in The Daily Record for three consecutive weeks beginning Septmber 22, 1938, to and ending October 13, 1938, as provided by section 77-1835, R. S. 1943. Each notice was directly addressed to Frank Kuska, if married, ........... Kuska, his wife (first, real and true name unknown), and to substantially all other persons, too numerous to mention, claiming any right, title, or interest in the property which was correctly described. Thereafter, followed a statement of the years for which the property was taxed; the fact that defendant had purchased the property and received the county treasurer's certificate of tax sale on November 10, 1936, had paid the subsequent taxes assessed for the years 1936, 1937, and 1938, and that after the expiration of three months from the date of service of the notice, and on and after the 14th day of January, 1939, defendant would apply for a treasurer's tax deed. The notice also contained the following: "* * * that said Frank Kuska was the owner of record during all of the above years for which the property was assessed; * * * the said real estate having been taxed in the manner and form provided by law, * * *." Other parts of the notice are not important here and will not be recited.

In that connection section 77-1831, R. S. 1943, provides, insofar as it has application to plaintiffs' contentions, that such purchaser "* * * shall serve or cause to be served a notice stating when such purchaser purchased the land or lot, the description thereof, in whose name assessed, for what year taxed or specially assessed, and that after the expiration of three months from the date of service of such notice the deed will be applied for."

Plaintiffs argue that defendant's published notices did not comply with the above statute because they failed to show in whose name the property was assessed or for what years it was taxed or specially assessed. As to the lat-

ter contention there can be no question. The notices stated unequivocally for what years the property was taxed or specially assessed, in conformity with the statutory requirement.

With reference to the first contention, plaintiffs make no claim that the property was ever assessed in the name of any other person except Frank Kuska for each and every year involved to and including the time of the service of the notice. It is admitted that he was then living and not only the owner of record but in fact during all the years for which the property was assessed.

Thomsen v. Dickey, 42 Neb. 314, 60 N. W. 558, relied upon by plaintiff, is not in point. The only question with which the court was concerned in that case was on whom the law required the notice to redeem to be served. The statute then existing (Comp. St. 1893, ch. 77, § 123, p. 698) required that it be served. "* * * on every person in actual possession or occupancy of such land or lot, and also the person in whose name the same was *taxed or specially assessed,* * * * ." (Italics supplied). Under the Constitution and statutes then in force, the court held the treasurer's tax deed void for failure to serve the notice upon the person in whose name the property was then assessed. The reasoning was that although the word "owner" was not used in the statute, the notice was actually for the benefit of the owner of the real estate at the time of service thereof, thus affording him opportunity to prevent divestiture of his title, and to give force thereto the law presumed that one in whose name real estate stood assessed at any given time was the owner thereof.

Howell v. Jordan, 94 Neb. 264, 143 N. W. 217, relied upon by plaintiffs, also involved the same statute and presented the same question under somewhat different circumstances but with like result. However, that question is not involved in the case at bar. As will be hereafter observed, the notices to redeem were served upon the proper person in the manner required by statute and we are interested only in the question of the statutory sufficiency

of the contents of the notice, that is, whether it disclosed in whose name the property was assessed.

We call attention to the fact that at this time the constitutional provision requiring personal service of notice to redeem upon the occupants is the same but the applicable statute, section 77-1832, R. S. 1943, has been changed since the foregoing opinions were written to provide that service of the notice " * * * shall be made on every person in actual possession or occupancy of the land, upon the person *in whose name the title to the land appears of record,* and upon every encumbrancer of record in the office of the register of deeds of the county, * * * ." (Italics supplied). An examination of the various statutes relating to taxation of real property reveals an intention that such property should be assessed in the name of the record title owner. Since Frank Kuska was admittedly the record title owner and the owner in fact at all times it is presumed as a matter of law that he is the one in whose name the real estate stood assessed at any given time. Since the notice was served upon him in the manner provided by statute and recited that " * * * Frank Kuska was the owner of record during all the above years for which the property was assessed; * * * the said real estate having been taxed in the manner and form provided by law, * * *," we will turn to the question of its statutory sufficiency.

It is the rule that all of the information required by section 77-1831, R. S. 1943, is jurisdictional and must be contained in the notice to redeem from tax sale but strict adherence to vocabulary form is not necessary to give the notice validity if the language used is not misleading and, in fact, imparts all of the information which the holder of the certificate of tax sale is required to disclose. 61 C. J., Taxation, § 1732, p. 1263.

We conclude that plaintiffs' contention that the notice did not show in whose name the property was assessed resolves itself into a mere matter of verbiage, and that the notice to redeem complied with the statutes strictly, if not literally.

In conclusion we will discuss plaintiffs' contention that the treasurer's deed was void because no notice to redeem was personally served upon a party allegedly in actual possession or occupancy of the property. The facts in that regard are that on July 6, 1937, an instrument called a "Ground Lease" was executed by defendant and the General Outdoor Advertising Co., Inc., purporting to give it the right to erect, place, and maintain advertising signs on the property for one year, reserving to defendant the right to cancel the instrument in case of sale of the property. A like instrument was also executed on July 14, 1938, also reserving to defendant the right of cancellation in event of building on the property.

Plaintiffs concede in their brief, and it is a fact, that there is no evidence in the record showing that lessee was ever actually in posssession or occupancy of the property, either prior to or at the time of publication of the notices to redeem. Further, the record discloses affirmatively that it was customary for lessee to enter into such leases without actually taking possession of. or occupying the premises.

Plaintiffs rely upon what they call a presumption of actual possession or occupancy by reason of mere existence of the leases. There is good reason why that contention cannot be sustained. The question is settled in this jurisdiction by Parsons v. Prudential Real Estate Co., 86 Neb. 271, 125 N. W. 521. In that case service of notice to redeem was given to nonresidents only by publication, as in the case at bar. At that time there was a person in actual possession or occupancy of the property but he was a trespasser. No personal service of notice to redeem was had upon him. This court held that none was necessary. In construing the Constitution and applicable statute, it was held that "occupants" and "actual possession or occupancy" were synonymous and meant actual, open, visible possession or occupancy in fact, exactly that and nothing less, as distinguished from constructive possession. It was also held that the actual possession or occupancy

must be by one claiming an interest in the property either in privity with or adversely to the owner as distinguished from a mere trespasser. See, also, 61 C. J., Taxation, § 1729, p. 1261.

By analogy the conclusion is inescapable that a party who might have lawfully claimed the right to actual possession or occupancy of lands but concededly never exercised the right, as in the case at bar, is not an occupant or in actual possession or occupancy thereof within the meaning of section 77-1832, R. S. 1943, and section 3, art. VIII, of the Constitution of Nebraska. Therefore, defendant was not required to personally serve notice to redeem upon the General Outdoor Advertising Co., Inc. in order to give validity to his treasurer's deed.

Having disposed of the case adversely to plaintiffs, their right to redeem and the manner of doing so need not be discussed since it could have been lawfully available to them only upon a finding that the treasurer's deed was void.

For the reasons heretofore stated, the judgment of the district court is affirmed.

AFFIRMED,