OTTACO ACCEPTANCE, INC., APPELLANT, V.
JANET M. HUNTZINGER ET AL., APPELLEES.

682 N.W.2d 232

Filed July 2, 2004.    No. S-03-143.

Robert S. Lannin, of Shively Law Offices, P.C., L.L.O., for appellant.

Jason S. White, of Schaper & White Law Firm, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MCCORMACK, J.

## NATURE OF CASE

Ottaco Acceptance, Inc. (Ottaco), appeals from a judgment entered against it by the district court for Custer County. Ottaco sought to quiet title to three separate tracts of property, alleging that it was the owner of the properties by virtue of treasurer's tax deeds it acquired. The district court found that Ottaco failed to give proper notice to the record owner of the properties, Janet M. Huntzinger, and to the tenants in possession of the properties and thus denied Ottaco's petition. We reverse, and remand with directions.

## BACKGROUND

On July 24, 1996, tax sales certificates Nos. 307, 308, and 340 were sold by the Custer County treasurer on real estate described, respectively, as follows: The west half of the northeast quarter and the north half of the northwest quarter of Section 23, Township 14 North, Range 18 West of the 6th P.M., Custer County, Nebraska; the north half of the southeast quarter and the southwest quarter of the southeast quarter of Section 23, Township 14 North, Range 18 West of the 6th P.M., Custer County, Nebraska; and the south half of the southwest quarter of Section 26, Township 14 North, Range 18 West of the 6th P.M., Custer County, Nebraska.

The purchaser of the tax certificates later assigned them to Ottaco. The record owner of each of the three properties was Huntzinger. In April 1999, Ottaco sent notices to Huntzinger containing the information required by Neb. Rev. Stat. § 77-1831 (Reissue 2003). The notices were sent by certified mail to Huntzinger at "555 Russell Rd A-5 Westfield, MA 01086." The

record contains signed certified mail receipts indicating that on May 18, 1999, "J Huntzinger" received the notices. Stamps on the notices indicate that they were received in Wheeling, Illinois.

Huntzinger testified at trial that she never signed the certified mail receipts, never authorized anyone to sign on her behalf, and never received the notices sent by Ottaco. She testified that she lived at the Westfield, Massachusetts, address from September 1994 to September 1998, at which time she moved to Wheeling, Illinois. The Massachusetts address was the address on file with the Custer County treasurer. Huntzinger testified that she did not inform the Custer County treasurer of her change of address but did arrange with the post office to have all her mail forwarded to her in Wheeling. She further testified that she was present in Wheeling on May 18, 1999.

On January 12, 2000, Ottaco received treasurer's tax deeds for the three properties. Shortly thereafter, it initiated this action. Ottaco's petition placed five properties at issue, although the parties' dispute over two of them was eventually settled and only the three properties mentioned above remain at issue in this appeal. Ottaco's petition also alleged, among other things, that Wiese Brothers, a partnership between Dean Wiese and Duane Wiese, may claim an interest in the properties as a tenant in possession. Wiese Brothers filed an answer admitting that it was a tenant in possession of the properties at issue, but denying that it received proper notice.

Following a bench trial, the district court denied Ottaco's petition on January 30, 2003. The court found that neither Huntzinger nor the tenant in possession received notice as required by law; thus, the treasurer's tax deeds were unlawfully issued and conveyed no valid title to Ottaco. The court specifically said that "[Huntzinger's] testimony shows that she did not sign the mail receipts and that she was not living at the address shown on the receipts at the time alleged." Ottaco appealed, and we moved the case to our docket.

## ASSIGNMENTS OF ERROR

Ottaco assigns that the district court erred in (1) refusing to quiet title in favor of Ottaco, (2) finding that Huntzinger's signature did not appear on the certified mail receipts, (3) finding that

notice was not provided to Huntzinger, (4) finding that notice was required to an unidentified farm tenant, (5) applying the statutory presumption in Neb. Rev. Stat. § 77-1842 (Reissue 2003), and (6) finding that Huntzinger could maintain her claim without satisfying Neb. Rev. Stat. §§ 77-1843 and 77-1844 (Reissue 2003).

## STANDARD OF REVIEW

A quiet title action sounds in equity. *Olsen v. Olsen*, 265 Neb. 299, 657 N.W.2d 1 (2003). In an appeal of an equitable action, an appellate court tries factual questions de novo on the record, provided that where credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Id.*

## ANALYSIS

When a county treasurer sells real property for delinquent taxes under chapter 77 of the Nebraska Revised Statutes, the purchaser receives a tax sale certificate which acts as a lien against the property for the taxes paid by the purchaser. Neb. Rev. Stat. § 77-1818 (Reissue 2003). After a period of 3 years, the purchaser can elect to acquire a deed to the property by either requesting a treasurer's tax deed under the procedures of article 18 or commencing a foreclosure action under article 19. Neb. Rev. Stat. §§ 77-1837 (Reissue 1996) and 77-1902 (Reissue 2003). In this case, Ottaco requested and obtained treasurer's tax deeds under article 18.

Ottaco argues, in part, that Huntzinger is precluded from contesting the title it acquired to the properties by virtue of those treasurer's tax deeds. It relies upon § 77-1844, which provides:

> No person shall be permitted to question the title acquired by a treasurer's deed without first showing that he, or the person under whom he claims title, had title to the property at the time of the sale, or that the title was obtained from the United States or this state after the sale, and *that all taxes due upon the property had been paid by such person* or the persons under whom he claims title as aforesaid.

(Emphasis supplied.)

Ottaco specifically argues that Huntzinger failed to pay all taxes due upon the properties. Our most recent interpretation of

the italicized language above came 90 years ago in *Cornell v. Maverick Loan & Trust Co.*, 95 Neb. 842, 843, 147 N.W. 697, 698 (1914), where we stated that

> we are of the opinion that it makes no difference whether at the time of the commencement of the suit the taxes due are paid or not. The "showing" of taxes paid is at the trial, and if all taxes are paid before or during the trial, or before final judgment, that is enough. *The "showing" is made by the evidence, and not by the pleadings alone.*

(Emphasis omitted.) (Emphasis supplied.)

■ In this case, Huntzinger did not "show" by the evidence that she had paid all taxes due on the properties. Trial in this case was held on October 30, 2002, and the district court entered judgment on January 30, 2003. The transcript includes a copy of a receipt from the Custer County treasurer indicating that "Jason White, Trustee for Janet M. Huntzinger Trust" paid $45,050.01. The receipt itself is dated January 24, 2003. The copy of the receipt in the transcript is file stamped by the clerk of the district court as being received on January 30, 2003. However, this receipt was not offered and received into evidence in this case; it was merely included in the transcript. We have repeatedly held that a bill of exceptions is the only vehicle for bringing evidence before an appellate court; evidence which is not made a part of the bill of exceptions may not be considered. *Coates v. First Mid-American Fin. Co.*, 263 Neb. 619, 641 N.W.2d 398 (2002). Thus, under *Cornell v. Maverick Loan & Trust Co., supra*, there has been no showing of compliance with § 77-1844, and Huntzinger is precluded from questioning the titles acquired by Ottaco.

Ottaco's petition was also challenged by Wiese Brothers. Wiese Brothers' answer asserted that at all relevant times, it was the tenant in possession of each of the properties at issue. It further asserted that it did not receive notice from Ottaco as required by law and that, therefore, Ottaco's treasurer's tax deeds were not valid.

Prior to requesting a treasurer's tax deed, Ottaco was required to comply with the notice provisions of § 77-1831 and Neb. Rev. Stat. § 77-1832 (Reissue 1996). Section 77-1831 requires that a purchaser of a tax sale certificate serve or cause to be served notice at least 3 months before applying for the deed. It further addresses

the required contents of such notice. Section 77-1832 sets forth how and to whom such notice must be served. It provides:

> Service of the notice provided by section 77-1831 shall be made *on every person in actual possession or occupancy of the real property*, upon the person in whose name the title to the real property appears of record, and upon every encumbrancer of record in the office of the register of deeds of the county if, upon diligent inquiry, he or she can be found in the county. Whenever the record of a lien shows the post office address of the lienholder, notice shall be sent by certified or registered mail to the holder of such lien at the address appearing of record.

(Emphasis supplied.) See, also, Neb. Const. art. VIII, § 3 (providing in part that "occupants shall in all cases be served with personal notice before the time of redemption expires").

■ We note that § 77-1832 was revised by 2003 Neb. Laws, L.B. 319, effective April 3, 2003. It no longer requires that notice be served upon "every person in actual possession or occupancy of the real property." The amendment became effective after the district court entered judgment and Ottaco filed its notice of appeal in this case. Thus, we apply the prior version of § 77-1832 quoted above. See, generally, *Soukop v. ConAgra, Inc.*, 264 Neb. 1015, 653 N.W.2d 655 (2002) (in noncriminal cases, substantive statutes are generally not given retroactive effect unless Legislature has clearly expressed intention that new statute is to be applied retroactively).

If a request is made within the proper timeframe, the county treasurer shall execute and deliver a treasurer's tax deed to the purchaser of a tax sale certificate *"upon compliance with the provisions of sections 77-1801 to 77-1837."* (Emphasis supplied.) § 77-1837. Thus, compliance with the notice provisions of §§ 77-1831 and 77-1832 is a prerequisite to the county treasurer's execution and delivery of a treasurer's tax deed.

The burden of proving such noncompliance with respect to the tenant in possession falls upon Wiese Brothers in this case. Section 77-1842 provides:

> Deeds made by the county treasurer shall be presumptive evidence in all courts of this state, in all controversies and suits in relation to the rights of the purchaser and his or her

heirs or assigns to the real property thereby conveyed, of the following facts: . . . (7) that the notice had been served or due publication made as required in sections 77-1831 to 77-1835 before the time of redemption had expired . . . .

■ We have held that in suits relating to the rights of the purchaser, a county treasurer's tax deed is presumptive evidence that all things whatsoever required by law to make a good and valid tax sale and vest title in the purchaser were done. *Kuska v. Kubat*, 147 Neb. 139, 22 N.W.2d 484 (1946). The presumption is not conclusive and may be rebutted but the burden is upon the party attacking the validity of such a deed to show by competent evidence some jurisdictional defect voiding the deed. *Id*. Thus, in this case, we must consider whether Wiese Brothers rebutted the presumption that Ottaco complied with the notice provisions of §§ 77-1831 and 77-1832.

Wiese Brothers did not appear at trial. The *only* evidence received at trial that remotely deals with the tenant in possession is the following question by Huntzinger's attorney and her answer: "Q. Do you know whether or not your tenants on the property received notice? A. I have not heard from them that they received anything."

In our de novo review, we conclude that this evidence was insufficient to rebut the presumption under § 77-1842 that Wiese Brothers had received proper notice.

## CONCLUSION

Based on our de novo review, we conclude that Huntzinger is precluded from questioning the titles acquired by Ottaco because of her failure to satisfy § 77-1844. We further conclude that the tenant in possession did not rebut the presumption that it was properly served with the notice required by §§ 77-1831 and 77-1832. We reverse the district court's judgment in favor of Huntzinger and remand the cause with directions to enter judgment quieting title to the properties in favor of Ottaco.

REVERSED AND REMANDED WITH DIRECTIONS.