Selma B. Hauxwell, appellee, v. H.W. Ferdinand
Henning et al., appellees, and Ryan R.
Hanzlick et al., appellants.

___ N.W.2d ___

Filed June 5, 2015.   No. S-14-523.

1. **Quiet Title: Equity.** A quiet title action sounds in equity.
2. **Injunction: Equity.** An action for injunction sounds in equity.
3. **Equity: Appeal and Error.** On appeal from an equity action, an appellate court tries factual questions de novo on the record and, as to questions of both fact and law, is obligated to reach a conclusion independent of the conclusion reached by the trial court.
4. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.
5. **Standing: Jurisdiction: Parties.** A party must have standing before a court can exercise jurisdiction, and either a party or the court can raise a question of standing at any time during the proceeding.
6. ____: ____: ____. Only a party that has standing—a legal or equitable right, title, or interest in the subject matter of the controversy—may invoke the jurisdiction of a court or tribunal.
7. **Taxes.** Neb. Rev. Stat. § 77-1844 (Reissue 2009) lays out the conditions precedent that must be satisfied before a party may question title acquired by tax deed, even if title under a tax deed is void or voidable.
8. ____. A party can satisfy the tax requirement under Neb. Rev. Stat. § 77-1844 (Reissue 2009) simply by paying the taxes before or during the trial, or before final judgment.
9. ____. The showing of taxes paid must be made by the evidence and not by the pleadings alone.
10. ____. Under Neb. Rev. Stat. § 77-1842 (Reissue 2009), a defendant's tax deeds are presumptively valid.

11. _____. A county treasurer's tax deed is presumptive evidence that all things whatsoever required by law to make a good and valid tax sale and vest title in the purchaser were done.

12. **Injunction: Property: Trespass.** It is only when the nature and frequency of trespasses are such as to prevent or threaten the substantial enjoyment of the rights of possession and property in land that an injunction against future trespass will be granted.

Appeal from the District Court for Furnas County: DAVID URBOM, Judge. Reversed and remanded for further proceedings.

Robert S. Lannin and Wesley Bottorf, Senior Certified Law Student, of Shively & Lannin, P.C., L.L.O., for appellants.

Roger L. Benjamin, P.C., for appellee Selma B. Hauxwell.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

HEAVICAN, C.J.

## NATURE OF CASE

Ryan R. Hanzlick and his wife acquired two tracts of land through treasurer's tax deeds. A trust controlled by Hanzlick subsequently acquired title to the two tracts by quitclaim deed. The trust and Hanzlick and his wife in their individual capacities are the defendants-appellants (collectively referred to as "the Hanzlicks"). Selma B. Hauxwell, the plaintiff-appellee and the adjacent property owner, does not appear in the official records of the county register of deeds as the owner of the two tracts, but had allegedly been using those tracts since 1971.

After the Hanzlicks acquired the property, Hauxwell filed a complaint seeking to quiet title by claim of adverse possession. The Hanzlicks filed a counterclaim asking the district court to find that they were the owners of the two tracts and to eject and enjoin Hauxwell from the property. The district court found that Hauxwell had acquired title to the property through adverse possession and did not address any other issues regarding the tax deeds. The Hanzlicks now appeal. We

find the district court erred in determining that Hauxwell had standing to challenge the tax deeds and in failing to address the Hanzlicks' counterclaims.

## BACKGROUND

Hauxwell, along with her first husband, purchased a parcel of land (Broeker land) in Furnas County, Nebraska, in 1959. Hauxwell's first husband later passed away, and Hauxwell subsequently remarried. Hauxwell is still the record owner of the Broeker land. Hanzlick, as trustee of Midwest Investments Irrevocable Trust, is recorded in the official records as the owner of two tracts of land (Tracts 1 and 2) adjacent to the Broeker land. Tracts 1 and 2, collectively, consist of approximately 21.45 acres. There is a former open-pit silica mine on the first tract, and the second tract consists of 2 acres and is a "deeded easement" across the Broeker land to reach the nearby county road. Hanzlick acquired Tracts 1 and 2 by treasurer's tax deeds in 2010. Hanzlick and his wife deeded title of the tracts to the trust by quitclaim deed.

Hauxwell currently resides in an assisted living facility in Arapahoe, Nebraska. Ihling Lee Carskadon, Jr., is Hauxwell's son and her attorney in fact. Carskadon testified at trial that he has performed work on Tracts 1 and 2 since at least 1971, including controlling the musk thistle and shearing cedar trees on the property. Before 2001, Carskadon's cattle would regularly graze on Tracts 1 and 2. In 2001, Carskadon began renting out the Broeker land and Tracts 1 and 2 to a neighbor. Besides Hauxwell's family or tenants, no one else has had access to the property since 1971. Carskadon, however, did testify that neither he nor anyone else in his family has paid any property taxes for either tract. Further, the record does not demonstrate that Carskadon or anyone in the family tendered payment of the taxes to either the county or the Hanzlicks.

The Hanzlicks purchased the tax certificates for Tracts 1 and 2 from the Furnas County treasurer in October 2007. Hanzlick testified that he inspected the land and found no evidence that anyone was using the property at that time. Carskadon agreed

that the cattle would not have been on either tract at the time Hanzlick inspected the property.

The Hanzlicks sent notice by certified mail to the record owner, Caspar F. Henning, on July 10, 2010. Notices were sent to Henning's last known residence, along with the last two known addresses of Henning's heir. All three notices were returned unopened to the Hanzlicks. On July 15, 22, and 29, the Hanzlicks published notice in a Furnas County weekly newspaper. On November 30, the Hanzlicks presented an affidavit of service to the Furnas County treasurer and received and recorded the treasurer's tax deeds for Tracts 1 and 2. The trust then acquired title by a quitclaim deed from Hanzlick and his wife, also recorded on November 30, and by a corrective quitclaim deed from Hanzlick and his wife recorded on February 25, 2013.

According to Hauxwell's brief, 42 days after acquiring the deed, the Hanzlicks sent a letter to Hauxwell indicating that the Hanzlicks now owned Tracts 1 and 2 and that they believed Hauxwell was using the land. At trial and in her brief, Hauxwell argues that the fact the Hanzlicks sent this letter indicates the Hanzlicks knew Hauxwell was in actual possession of the property and did not give her notice. Hauxwell argues that this renders the tax deed invalid.

Hauxwell filed a complaint seeking the district court quiet title to Tracts 1 and 2 by claim of adverse possession. The Hanzlicks' answer and counterclaim requested that the court find the Hanzlicks are the owners of Tracts 1 and 2 and to eject and enjoin Hauxwell from the property. The Hanzlicks appeared pro se at trial, but are now represented by counsel on appeal.

The district court determined that Hauxwell had been in adverse possession under a claim of ownership for more than 10 years. Therefore, the district court quieted title in favor of Hauxwell. The district court's order did not explicitly rule on whether Hauxwell had standing to challenge the tax deeds, whether the tax deeds were validly issued, or any of the Hanzlicks' counterclaims. However, given the district court's

ultimate disposition of the case, it can be implied the district court determined that Hauxwell had standing and that the tax deeds were void. The Hanzlicks now appeal the district court's judgment.

## ASSIGNMENTS OF ERROR

The Hanzlicks assign, consolidated and restated, that the district court erred in (1) finding that Hauxwell had standing to challenge the tax deed, (2) granting Hauxwell's request to quiet title to Tracts 1 and 2 by claim of adverse possession, and (3) not addressing the Hanzlicks' counterclaims.

## STANDARD OF REVIEW

[1-3] A quiet title action and an action for injunction both sound in equity.[1] On appeal from an equity action, an appellate court tries factual questions de novo on the record and, as to questions of both fact and law, is obligated to reach a conclusion independent of the conclusion reached by the trial court.[2]

[4] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[3]

## ANALYSIS

### HAUXWELL'S COMPLAINT

[5-7] On appeal, the Hanzlicks assign that the district court erred in determining Hauxwell has standing to challenge the treasurer's tax deeds. A party must have standing before a court can exercise jurisdiction, and either a party or the court can raise a question of standing at any time during the

---

[1] See, *Ottaco Acceptance, Inc. v. Larkin*, 273 Neb. 765, 733 N.W.2d 539 (2007); *Lambert v. Holmberg*, 271 Neb. 443, 712 N.W.2d 268 (2006).

[2] *Rice v. Bixler*, 289 Neb. 194, 854 N.W.2d 565 (2014).

[3] *Underwood v. Nebraska State Patrol*, 287 Neb. 204, 842 N.W.2d 57 (2014).

proceeding.[4] Only a party that has standing—a legal or equitable right, title, or interest in the subject matter of the controversy—may invoke the jurisdiction of a court or tribunal.[5] Neb. Rev. Stat. § 77-1844 (Reissue 2009) lays out the conditions precedent that must be satisfied before a party may question title acquired by tax deed. These requirements must be met "even if title under a tax deed is void or voidable."[6] This means that Hauxwell must comply with § 77-1844 before she would have standing to the challenge the tax deeds.[7]

Section 77-1844 provides:

No person shall be permitted to question the title acquired by a treasurer's deed without first showing that he, or the person under whom he claims title, had title to the property at the time of the sale, or that the title was obtained from the United States or this state after the sale, and that all taxes due upon the property had been paid by such person or the persons under whom he claims title as aforesaid.

[8,9] We do not need to reach the issue of whether Hauxwell acquired title to the property through adverse possession, because the evidence establishes that Hauxwell has not paid taxes owed on the property. We have held that a party can satisfy the tax requirement simply by paying the taxes "'"before or during the trial, or before final judgment."'"[8] Further, the party needs only to show the tender of payment of taxes to the treasurer.[9] The showing of taxes paid must be made by the evidence and not by the pleadings alone.[10]

[4] *Frenchman-Cambridge Irr. Dist. v. Dept. of Nat. Res.*, 281 Neb. 992, 801 N.W.2d 253 (2011).

[5] *Thompson v. Heineman*, 289 Neb. 798, 857 N.W.2d 731 (2015).

[6] *Larkin, supra* note 1, 273 Neb. at 772, 733 N.W.2d at 547.

[7] See *id.*

[8] *Larkin, supra* note 1, 273 Neb. at 774, 733 N.W.2d at 548 (quoting *Cornell v. Maverick Loan & Trust Co.*, 95 Neb. 842, 147 N.W. 697 (1914)).

[9] See *Larkin, supra* note 1.

[10] *Id.*

Hauxwell did not plead or demonstrate through evidence that payment of the past due taxes was ever made or tendered to the treasurer or to the Hanzlicks. Therefore, under § 77-1844, Hauxwell does not having standing to challenge the tax deeds and Hauxwell's complaint must be dismissed. The district court erred in implicitly determining that Hauxwell had standing under § 77-1844 to question title.

Because Hauxwell does not have standing to challenge the tax deeds, we do not reach the issue of whether Hauxwell had previously acquired title to Tracts 1 and 2 via adverse possession.

### HANZLICKS' COUNTERCLAIM

The Hanzlicks assign that the district court erred in dismissing their counterclaim and not addressing their claims to the property. Other than dismissing the claims, the district court failed to address the Hanzlicks' counterclaims in any way. The Hanzlicks' counterclaim requested the district court to eject Hauxwell from the premises and enjoin Hauxwell from future trespass.

[10,11] The Hanzlicks are correct that under Neb. Rev. Stat. § 77-1842 (Reissue 2009), the Hanzlicks' tax deeds are presumptively valid. "[A] county treasurer's tax deed is presumptive evidence that all things whatsoever required by law to make a good and valid tax sale and vest title in the purchaser were done."[11] The presumption may be rebutted by a party attacking the validity of the deed.[12] But because Hauxwell does not have standing to challenge the deeds, she cannot rebut the presumption and we must presume the deeds are valid.

[12] Merely having title to the property, however, does not automatically guarantee a right to an injunction against future trespass. It is only when "'the nature and frequency of

---

[11] *Ottaco Acceptance, Inc. v. Huntzinger*, 268 Neb. 258, 264, 682 N.W.2d 232, 237 (2004).

[12] *Id.*

trespasses are such as to prevent or threaten the substantial enjoyment of the rights of possession and property in land'" that an injunction against future trespass will be granted.[13] It is unclear from the record who is currently occupying the land or whether there is any threat that Hauxwell will trespass on the land in the future. Therefore, we remand the cause for further proceedings on the issue of whether an injunction is necessary.

## CONCLUSION

The district court erred by not dismissing Hauxwell's complaint for lack of jurisdiction due to the failure of Hauxwell to establish standing. Further, the district court erred in failing to address the Hanzlicks' counterclaims. We therefore reverse the district court's order quieting title in favor of Hauxwell and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

---

[13] *Whipps Land & Cattle Co. v. Level 3 Communications*, 265 Neb. 472, 487, 658 N.W.2d 258, 270 (2003).