Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/08/2016 09:05 AM CDT

First Nebraska Educators Credit Union, appellant,
v. U.S. Bancorp and U.S. Bank National
Association, N.D., appellees.

___ N.W.2d ___

Filed April 8, 2016.    No. S-15-617.

1. **Motions to Dismiss: Appeal and Error.** A district court's grant of a motion to dismiss is reviewed de novo.

2. ____: ____. When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.

3. **Motions to Dismiss: Pleadings.** To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim.

4. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.

5. **Trusts: Deeds: Statutes: Appeal and Error.** Because the Nebraska Trust Deeds Act made a change in common law, appellate courts strictly construe the statutes comprising the act.

6. **Statutes: Appeal and Error.** Absent a statutory indication to the contrary, an appellate court gives words in a statute their ordinary meaning.

7. **Statutes.** A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.

Appeal from the District Court for Sarpy County: David K. Arterburn, Judge. Affirmed.

Justin A. Roberts, of Lustgarten & Roberts, P.C., L.L.O., for appellant.

Patrick R. Turner, of Stinson, Leonard & Street, L.L.P., for appellees.

Heavican, C.J., Wright, Connolly, Cassel, and Kelch, JJ.

Heavican, C.J.

## INTRODUCTION

First Nebraska Educators Credit Union (First Nebraska) filed an amended complaint against U.S. Bancorp and U.S. Bank, National Association, N.D. (U.S. Bank), alleging that U.S. Bank failed to provide it with notice of a foreclosure sale pursuant to Neb. Rev. Stat. § 76-1008 (Reissue 2009). First Nebraska sought damages in the amount of $41,203.94. The district court dismissed First Nebraska's amended complaint for the failure to state a claim. First Nebraska appeals. We affirm.

## FACTUAL BACKGROUND

Jack E. Cotton and Vickie L. Cotton owned real property located in Sarpy County, Nebraska. A deed of trust was filed by U.S. Bank on the Cottons' property on February 10, 2006.

On April 2, 2007, the Cottons executed and delivered a note to First Nebraska in the amount of $27,401.50, plus interest of 9.99 percent per year. As security for this note, the Cottons delivered a deed of trust to their same Sarpy County property. That deed was recorded on April 5. Thus, U.S. Bank was the senior lienholder and First Nebraska's interest was junior to U.S. Bank's.

The First Nebraska trust deed included the following language:

REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST

Request is hereby made that a copy of any notice of default and a copy of any notice of sale under the deed of trust filed for record . . . and recorded in Book . . . , Page . . . , or . . . , Records of <u>Sarpy</u> County, Nebraska, executed by . . . as Trustor, in which . . . is named as beneficiary and as Trustee, be mailed to <u>First Nebraska Educators Credit Union</u> at <u>10655 Bedford Avenue Omaha, NE 68134-3613</u>

The ellipses represent blank spaces in the original document, and the underlined information was typed in a typeface different from the original.

On May 17, 2009, the trustee filed a notice of default on the 2006 deed of trust held by U.S. Bank. On September 21, the trustee executed a trust deed to grant and convey the real property to an investment company for the sum of $48,566. A deed of trust to this effect was filed with the register of deeds. That trust deed indicated that notice of sale had been provided as required by law.

First Nebraska filed suit, alleging that it did not receive notice of the sale and did not attend the sale. As such, First Nebraska was not able to bid on the property and its second lien interest was extinguished with the sale of the property. First Nebraska sought damages in the amount of $41,203.94.

U.S. Bank filed a motion to dismiss, which the district court granted. The court reasoned that the request given by First Nebraska for notice of sale did not comply with § 76-1008(1); thus, First Nebraska was not entitled to notice. First Nebraska appeals.

ASSIGNMENT OF ERROR

First Nebraska assigns, restated and consolidated, that the district court erred in dismissing its amended complaint.

## STANDARD OF REVIEW

[1-3] A district court's grant of a motion to dismiss is reviewed de novo.[1] When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.[2] To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face.[3] In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim.[4]

[4] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[5]

## ANALYSIS

The sole issue presented by this appeal is whether U.S. Bank was required to mail a notice of sale to First Nebraska under § 76-1008. That section provides:

(1) Any person desiring a copy of any notice of default and of any notice of sale under any trust deed may, at any time subsequent to the filing for record of the trust deed and prior to the filing for record of a notice of default

---

[1] *SID No. 1 v. Adamy*, 289 Neb. 913, 858 N.W.2d 168 (2015).

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Hauxwell v. Henning*, 291 Neb. 1, 863 N.W.2d 798 (2015).

thereunder, file for record in the office of the register of deeds of any county in which any part or parcel of the trust property is situated a duly acknowledged request for a copy of any such notice of default and notice of sale. The request shall set forth the name and address of the person or persons requesting copies of such notices and shall identify the trust deed by stating the names of the original parties thereto, the date of filing for record thereof, and the book and page or computer system reference where the same is recorded and shall be in substantially the following form:

Request is hereby made that a copy of any notice of default and a copy of notice of sale under the trust deed filed for record . . . , 20 . . . , and recorded in book . . . , page . . . , (or computer system reference . . . . ) Records of . . . County, Nebraska, executed by . . . as trustor, in which . . . is named as beneficiary and . . . as trustee, be mailed to . . . (insert name) . . . at . . . (insert address) . . . .

Signature . . . .

(2) Not later than ten days after recordation of such notice of default, the trustee or beneficiary or the attorney for the trustee or beneficiary shall mail, by registered or certified mail with postage prepaid, a copy of such notice with the recording date shown thereon, addressed to each person whose name and address is set forth in a request therefor which has been recorded prior to the filing for record of the notice of default, directed to the address designated in such request. At least twenty days before the date of sale, the trustee or the attorney for the trustee shall mail, by registered or certified mail with postage prepaid, a copy of the notice of the time and place of sale, addressed to each person whose name and address is set forth in a request therefor which has been recorded prior to the filing for record of

the notice of default, directed to the address designated in such request.

(3) Each trust deed shall contain a request that a copy of any notice of default and a copy of any notice of sale thereunder shall be mailed to each person who is a party thereto at the address of such person set forth therein, and a copy of any notice of default and of any notice of sale shall be mailed to each such person at the same time and in the same manner required as though a separate request therefor had been filed by each of such persons as provided in this section.

(4) If no address of the trustor is set forth in the trust deed and if no request for notice by such trustor has been recorded as provided in this section, a copy of the notice of default shall be published at least three times, once a week for three consecutive weeks, in a newspaper of general circulation in each county in which the trust property or some part thereof is situated, such publication to commence not later than ten days after the filing for record of the notice of default.

(5) No request for a copy of any notice filed for record pursuant to this section nor any statement or allegation in any such request nor any record thereof shall affect the title to trust property or be deemed notice to any person that any person requesting copies of notice of default or of notice of sale has or claims any right, title, or interest in or lien or claim upon the trust property.

On appeal, First Nebraska contends that it complied with § 76-1008(3) when it included the request for notice of default language at the end of its trust deed and that this substituted for any obligation it had under subsection (1). First Nebraska relies on the following language in subsection (3) which states that "a copy of any notice of default and of any notice of sale shall be mailed to each such person at the same time and in the same manner required *as though a separate*

*request therefor had been filed by each of such persons as provided in this section.*"[6]

U.S. Bank disagrees, and argues that notice is required under § 76-1008(3) only to those parties to that particular trust deed. It points to language in subsection (3) that provides, "Each trust deed shall contain a request that a copy of any notice of default and a copy of any notice of sale *thereunder shall be mailed to each person who is a party thereto . . . .*"[7]

[5-7] This appeal requires us to interpret § 76-1008. Because the Nebraska Trust Deeds Act made a change in common law, we strictly construe the statutes comprising the act.[8] Absent a statutory indication to the contrary, an appellate court gives words in a statute their ordinary meaning.[9] A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.[10]

The purpose of § 76-1008 is to set forth who is entitled to notice of default and sale and how that notice should be effected. Subsection (1) provides that "any person" who desires notice of default or notice of sale may file for such notice using the language set forth in the statute. It is this language which was set forth, albeit incompletely, at the end of the trust deed between First Nebraska and the Cottons. Subsection (2) provides that no later than 10 days after a notice of default is recorded, persons seeking notice must be given that notice.

---

[6] § 76-1008(3) (emphasis supplied).

[7] *Id.* (emphasis supplied).

[8] See *First Nat. Bank of Omaha v. Davey*, 285 Neb. 835, 830 N.W.2d 63 (2013).

[9] *DMK Biodiesel v. McCoy*, 290 Neb. 286, 859 N.W.2d 867 (2015).

[10] *Stick v. City of Omaha*, 289 Neb. 752, 857 N.W.2d 561 (2015).

As noted above, § 76-1008(3) is primarily at issue in this case. It provides that "[e]ach trust deed shall contain a request that a copy of any notice of default and a copy of any notice of sale thereunder shall be mailed to each person who is a party thereto" and that these notices shall be mailed to "each such person at the same time and in the same manner required as though a separate request therefor had been filed by each of such persons." From this language, we know that a trust deed must contain a request for notice, but that request is for notice "thereunder" and is to be sent to "each person who is a party thereto."

The problem with First Nebraska's argument, then, is that while it was a party to its own trust deed and would be contractually entitled to notice in the event of default of that underlying trust deed, it was not a party to U.S. Bank's trust deed and is not entitled to notice under that deed. It is that deed which was foreclosed upon. A proper reading of the statute provides that unless the person or institution is a party to the trust deed at issue, that person or institution is not entitled to notice unless it is requested under § 76-1008(1).

First Nebraska did not adequately request notice under § 76-1008(1). As noted, this court strictly construes the statutes comprising the act.[11] While the language at the conclusion of First Nebraska's trust deed with the Cottons purported to make a request for notice under subsection (1), it was ineffective, because the request failed to comply with the requirements of subsection (1) in a number of particulars. Specifically, the request did not detail the precise information regarding the trust deed for which the requesting party sought notice, did not include the date the prior deed was recorded, and did not include the book and page (or reference) number of that deed.

---

[11] *First Nat. Bank of Omaha v. Davey, supra* note 8.

Compliance with § 76-1008(1) triggers the requirement that notice be given; without such a request under subsection (1), U.S. Bank had no obligation to provide notice of sale to First Nebraska. First Nebraska's arguments to the contrary are without merit.

## CONCLUSION

U.S. Bank was not required to serve notice of foreclosure sale upon First Nebraska. As such, the district court did not err in dismissing First Nebraska's amended complaint for the failure to state a claim. The decision of the district court is affirmed.

AFFIRMED.

STACY, J., participating on briefs.
MILLER-LERMAN, J., not participating.